Aug. 12  }
1875. }        CAVERLY *v.* BALCOM.

*Evidence—Practice.*

In an action of assumpsit, to recover the price of manufacturing shoes, it appeared that the defendant had never directly employed the plaintiff, neither had he held out any person as his agent; but, it appearing that S. had carried the materials to the plaintiff and employed him to manufacture the shoes, and returned them to the defendant, the defendant was permitted to show that he had employed S. to manufacture the shoes for him, and paid him for it. *Held,* that the evidence was rightly admitted. *Held,* also, that a verdict having been ordered for the plaintiff, as this evidence had a tendency to show that the work was not done at the plaintiff's request, which was the principal matter in issue, there was some evidence for the jury, and, therefore, that the verdict must be set aside.

ASSUMPSIT, to recover for making seven cases of shoes. Tried before STANLEY, J., and a jury.

The referee, to whom the case was referred under the statute, made a report in favor of the plaintiff, the defendant not appearing. The plaintiff introduced the report of the referee, and rested his case. The defendant's counsel, in his opening statement, claimed that the shoes in question were made by the plaintiff from the defendant's stock, and after manufacture came into his (the defendant's) possession; but they were so made under an arrangement made by the plaintiff and one Swain, of which he had no knowledge and was in no way responsible. The defendant then introduced evidence tending to prove that he was a manufacturer of shoes in Haverhill, Mass.; that he contracted with one Swain, who was a shoe freighter, to manufacture the shoes in question for him; that Swain was to take the stock, and return the shoes manufactured; that the stock was charged to Swain, and that he was credited with the making of the shoes, and the money was all paid to Swain; that the defendant had no knowledge of the plaintiff, nor any acquaintance with him, until after the shoes in question were manufactured. So much of the above evidence as relates to the contract between the defendant and Swain was admitted, subject to the plaintiff's exception. There was no evidence that the plaintiff had any knowledge of the arrangement between the defendant and Swain in regard to the way the business was to be done. There was evidence tending to prove that, when the shoes were returned, there were sometimes on them tags or labels to show who made the shoes, but that these tags or labels were not preserved by the defendant. It also appeared that the defendant had at sundry times paid Swain for shoes manufactured by him under the contract made with Swain; that Swain died soon after the shoes in question were manufactured, and the plain-

tiff from time to time returned the shoes as they were finished by Swain ; and that he sent the bill for manufacturing the same, and now in suit, by one Waldron, who succeeded to the business of Swain; but the defendant declined to pay it.   Afterwards the defendant paid the administrator of Swain's estate for manufacturing the same.

The plaintiff then moved the court to direct a verdict for the plaintiff, which motion was granted, and the defendant excepted.

The questions of law arising on the foregoing case were transferred to the superior court for determination.

*T. J. Smith,* for the plaintiff.

*F. Hobbs,* for the defendant.

CUSHING, C. J.   This action had been referred under the statute. The referee reported in favor of the plaintiff, and the defendant claimed the right of trial by jury.   The plaintiff introduced the report and rested his case, and no exception was taken to the use of the report in evidence before the jury by the defendant.

The report, being in favor of the plaintiff, shifted the burden of proof, so that it was now incumbent on the defendant to go forward and show that he was not liable.

The verdict, having been ordered by the court, must be set aside, if there was any evidence on behalf of the defendant tending to show that he did not promise.

The evidence tended to show that there was no contract or employment of the plaintiff by the defendant.   No interview ever took place between them.   There was no evidence of any authority given to Swain to contract on his credit.   In making out this part of the case, it was quite necessary and proper that the defendant should show his relations with Swain.   If he had knowingly taken the benefit of the plaintiff's work and appropriated it to his own use, that would have been evidence of a request.   If the plaintiff had offered any evidence tending to show that the defendant had held out Swain as his agent, such evidence of a request would not have been necessary. But no such fact appeared.   It was then proper and necessary that the defendant should show that he had not knowingly taken the benefit of the plaintiff's work.   This he could only do by showing his relations with Swain, and that he had paid Swain.

I think, therefore, that the evidence objected to was rightly admitted, and, as it tended very strongly to prove that the work was not done at the defendant's request and that the defendant was not liable, the verdict must be set aside.   *Boston Iron Co.* v. *Hale,* 8 N. H. 363; *Martin* v. *Gt. Falls Manf. Co.,* 9 N. H. 51.

LADD, J.   Upon the evidence reported, I think it should have been submitted to the jury to find whether there was any privity, that is, any contract, tacit or express, with respect to making the shoes, where-

by it was mutually understood that the defendant was to pay the plaintiff therefor. I am therefore of opinion that the verdict ordered for the plaintiff must be set aside, and a new trial granted.

SMITH, J. No objection was made to the reception of the referee's report. No question, therefore, arises as to its being evidence to be considered by the jury in support of the plaintiff's claim ; but, so far from the other evidence introduced tending to show any privity of contract between these parties, it seems to me it tended directly to prove that there was no such contract ; and if there had been no report in evidence, I think the defendant would have been entitled to a verdict. The whole evidence, therefore, should have been submitted to the jury ; and for error in this respect the verdict must be set aside, and

*A new trial granted.*